UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DIRK EXETER                                                                                      Index No.: 16-cv-3013

                          Plaintiff,

                                                                                 **FIRST AMENDED COMPLAINT**

                *-against-*                                                     **PLAINTIFF DEMANDS**
                                                                                          **TRIAL BY JURY**

THE CITY OF NEW YORK,
POLICE OFFICER TONY CUOCCO, *and*
POLICE OFFICER NICOLE PERL

                    Defendant,
----------------------------------------------------------------X

       Plaintiff, DIRK EXETER by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, the CITY of NEW YORK, Police Officer TONY CUOCCO and Police Officer NICOLE PERL, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

       1.      This is a civil rights action in which the plaintiff, DIRK EXETER, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

       2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is of full age and resides in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officers.

7. Defendant P.O. CUOCO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. CUOCO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for,

and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant P.O. PERL was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. PERL acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duty. She is sued individually and in her official capacity.

## STATEMENT OF FACTS

9. On July 24, 2015 at approximately 10:00 PM Plaintiff was alone in his car driving on Alabama Avenue in Brooklyn.

10. On the corner of Stanley and Alabama Avenues plaintiff saw two women, waiving and motioning for him to pull over.

11. Plaintiff pulled over and began to speak to the women.

12. Upon information and belief, Defendant P.O. PERL approached the car.

13. Plaintiff asked "Can I help you?"

14. Defendant P.O. PERL responded, "I don't know, can you?"

15. Plaintiff asked Defendant P.O. PERL what she was doing standing on an empty street corner.

16. Defendant P.O. PERL responded that she and her friend were "looking to have some fun."

17. Plaintiff asked, "What do you mean by fun?"

18. Defendant P.O. PERL asked Plaintiff "How much money you got?"

19. Plaintiff said he didn't have any money.

20. Defendant P.O. PERL then said that depending on how much Plaintiff "is working with" he could have sex with both her and her friend or he could have anal sex with one of them for $50.

21. Plaintiff said "I'm not trying to do anything like that."

22. Defendant P.O. PERL then said "Are we gonna do this or not?"

23. Plaintiff said, "No."

24. Plaintiff then drove off down Alabama Avenue, onto Wortman Avenue and then turned left on Louisiana Avenue, where Plaintiff was stopped by two unmarked police vehicles.

25. The vehicles boxed plaintiff's car in and numerous NYPD officers emerged.

26. One of the officers, upon information and belief, Defendant P.O. CUOCO, approached Plaintiff's vehicle, reached into the driver's side window, opened the car door and told Plaintiff to get out.

27. Plaintiff asked the officer "why are you stopping me?"

28. Defendant P.O. CUOCO then physically removed plaintiff from the car.

29. Plaintiff asked if he was being arrested.

30. Defendant P.O. CUOCO said, "Yes, for soliciting prostitutes."

31. Plaintiff denied soliciting any prostitutes.

32. Defendant P.O. CUOCO then frisked Plaintiff and searched his pockets.

33. Defendant P.O. CUOCO then spun Plaintiff around, pushed him against the car and handcuffed him.

34. Plaintiff complained that Defendant P.O. CUOCO was being too aggressive and Defendant P.O. CUOCO told him to shut up.

35. Plaintiff was placed into an unmarked vehicle, taken to the IHOP on Flatlands Avenue and transferred to another police vehicle.

36. Plaintiff was then transported to the 75th Precinct, where he remained for approximately 12 hours.

37. Plaintiff was then transported to central booking, where he remained for another 12 hours before being brought before a judge and arraigned.

38. Plaintiff was forced to return to court approximately 8 times before all charges were dismissed on February 18, 2016.

39. At no time during the course of these events did Plaintiff commit any act for which he could lawfully be detained or arrested.

40. At no time during the course of these events did Plaintiff solicit sex for money or any other form of remuneration.

41. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages.

    A. False Arrest;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty; and

    D. Denial of equal protection under the law.

## AS FOR A CAUSE OF ACTION

### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983 AGAINST POLICE OFFICER ANDREW CUOCO AND POLICE OFFICER PERL

42. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

43. At all times during the events described above Defendants lacked probable cause to arrest Plaintiff.

44. At all times during the events described above Defendants lacked probable cause to charge Plaintiff with criminal conduct.

45. All of the aforementioned acts of the Defendants were carried out under the color of state law.

46. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

47. The acts complained of were carried out by the individual Defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

48. The acts complained of deprived Plaintiff of his rights:

    A. To be free from false arrest;

    B. To be free from unwarranted and malicious criminal prosecution;

    C. To be free from deprivation of liberty; and

    D. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK

49. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

50. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers. The conduct of the Defendant Police Officers was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

51. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to arrest an individual without probable cause in flagrant violation of their sworn oath to uphold the Constitution.

52. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

53. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

54. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 09/23/2016
      Brooklyn, NY

                                  By:      /s/ *Alexis G. Padilla*
                                            Alexis G. Padilla, Esq. [AP8285]
                                            Attorney for Plaintiff
                                            Dirk Exeter
                                            575 Decatur Street #3
                                            Brooklyn, NY 11233
                                            917-238-2993